UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAM STEELE ) | |
|    189 Gemmell Ave., SW ) | |
|    Bemidji, MN 56601 ) | |
|    and ) | |
| KRYSTAL COMER ) | |
|    2101 N. Patterson Street ) | |
|    Valdosta, GA 31602 ) | |
|    Plaintiffs ) | CIVIL ACTION |
| v. ) | FILE NO.: 23-918 RCL |
|    UNITED STATES OF AMERICA ) | |
|    c/o U.S. Justice Department ) | |
|    950 Constitution Ave. NW ) | |
|    Washington, DC 20530 ) | |
|    Defendant. ) | |

## AMENDED COMPLAINT
## INTRODUCTORY STATEMENT

COME NOW Plaintiffs and file this amended complaint against Defendant, **UNITED STATES OF AMERICA,** to cause the Internal Revenue Service ("IRS") to cease requiring Plaintiffs to renew their preparer tax identification number ("PTIN") or, in the alternative, to cease asking more information than is necessary to renew a PTIN. The objective of this case is to require the IRS to follow statutory law.

1.

Plaintiff Adam Steele prepares tax returns for others for compensation and has done so for decades. He renewed his PTIN for 2021, 2022 and 2023, and for many prior years.

2.

Plaintiff Krystal Comer prepares tax returns for others for compensation and has done so since 2019. She first received her PTIN in 2019. She has renewed it every year since 2019.

3.

Plaintiffs seek elimination of the renewal requirement with respect to their PTIN. In the alternative, they seek reduction in the information requested by the IRS incident to PTIN renewal to information required to renew (given they already have a PTIN), with such information to include only name, Social Security number, PTIN, date of birth, address and phone number and/or email address. Plaintiffs also ask the Court to issue an injunction prohibiting Treasury from requiring Plaintiffs to renew their PTIN or, in the alternative, asking more information than is necessary to renew a PTIN.

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction of this action under 28 U.S.C § 1331, 5 U.S.C. § 702 and 5 U.S.C § 706. Alternatively, this Court has subject matter jurisdiction under 28 U.S.C. § 1346.

5.

Requiring renewal of PTINs is an act beyond pertinent statutory authority (26 U.S.C. § 6109). The licensing questions asked on IRS Form W-12 exceed the ambit of questions permissible under 26 U.S.C. § 6109(c), causing the action of the IRS in asking such questions on Form W-12 to exceed statutory authority. An action is permissible under 5 U.S.C. § 706(2)(A) and (C).

6.

This action is for declaratory and equitable relief. 28 U.S.C. § 2201 *et seq.* authorizes equitable relief being sought.  The Secretary of the Treasury, Janet Yellen, is personally responsible for compliance.

7.

This Court has jurisdiction over all parties to this lawsuit, and venue is appropriate in this District pursuant to 28 U.S.C. § 1391.  As to venue, in *Stafford v. Briggs*, 444 U.S. 527, 544 (1980), the U.S. Supreme Court stated: "Without doubt, under § 1391(e), venue lies in every one of the 95 federal districts . . ."

## THE PARTIES

8.

Named Plaintiff Adam Steele resides in Bemidji, Minnesota.

9.

Named Plaintiff Krystal Comer resides in Valdosta, Georgia.

10.

Adam Steele is a certified public accountant (CPA) licensed by the State of Minnesota. He has been a Minnesota CPA since 1998.

11.

Krystal Comer is a CPA licensed by the State of Georgia. She has been a Georgia CPA since 2018.

12.

Adam Steele regularly prepares, and has, for many years, prepared tax returns for compensation.

13.

Krystal Comer regularly prepares, and has for several years, prepared tax returns for compensation.

14.

The Defendant is the United States Government, which includes the Department of the Treasury ("Treasury"), of which the IRS is substantively a subset.

## PERTINENT FACTS

15.

Prior to 2011, Plaintiff Adam Steele, as a tax return preparer, had to include his Social Security number or a PTIN to identify himself to the IRS on returns prepared for compensation.

16.

After 2010, the IRS required tax return preparers to use a PTIN to identify themselves to the IRS on income tax returns prepared for compensation.

17.

For 2021, 2022 and 2023, Plaintiffs have filed Form W-12 (either manually or online) to renew their PTIN and paid PTIN renewal fees. Plaintiff Steele did the same for many prior years as well.

18.

As noted below, in 2010 and 2011, in implementing the plan set forth in IRS Publication 4832 except for requiring PTIN renewal annually instead of every three years, the IRS created a licensing scheme with respect to tax return preparers. Requiring return preparers to acquire and renew a PTIN was part thereof.

19.

The licensing scheme relied on 31 U.S.C. § 330 for legal authority.

20.

Incident to the licensing scheme, a PTIN, which had previously been an alternative identification number (to a Social Security number) that could be obtained for free and did not need to be renewed (because it did not change), substantively became a license that had to be annually renewed.

21.

Although the licensing scheme was later found by the District of Columbia district court and the D.C. Court of Appeals to be unlawful because 31 U.S.C. § 330

does not apply to tax return preparation, Defendant continued to perform the majority of the licensing activities while reducing licensing (PTIN) fees.

22.

Although licensing power does not exist and was determined by the D.C. Court of Appeals not to exist in 2014, the IRS has required tax return preparers to annually acquire or renew a PTIN, and the renewal form (that has changed over the years) continues to include numerous licensing-type questions.

23.

The IRS has statutory authority to require a tax return preparer, including Plaintiff, to acquire a PTIN and supply information necessary for the IRS to issue a PTIN. Plaintiff Steele did so more than a decade ago.  Plaintiff Comer did so in 2019.

## IRS/TREASURY ACTIONS IN ISSUE

24.

In January 2010, the IRS issued IRS Publication 4832, "Report Preparer Review (Rev. 12-2009)" [hereinafter "Publication 4832]. This document, which is not law, proposed certain actions be taken to regulate the tax return preparation industry.

25.

 No recently enacted legislation led to preparation and issuance of Publication 4832. Instead, this publication is purely an IRS-generated product. No law has been enacted since issuance of Publication 4832 that would permit Treasury or any federal agency to prohibit anyone from preparing tax returns for compensation.

26.

Publication 4832 recommended the tax return preparation industry be regulated in a particular manner, including IRS testing of certain preparers to determine eligibility to be able to prepare returns for others for compensation and annual continuing professional education requirements for those persons who passed the IRS's test.

27.

Publication 4832 recommended that, to aid the IRS, individuals who prepare tax returns be required to acquire a Treasury-provided PTIN and be charged upon issuance and every three years thereafter for the PTIN.

28.

On March 26, 2010, the IRS issued "Notice of Proposed Rulemaking, *Furnishing Identifying Number of Tax Return Preparer*," 75 Fed. Reg. 14539 [hereinafter "Proposed Regulations"]. The Proposed Regulations would, if adopted, require individuals who prepare tax returns to acquire and annually renew a PTIN.

29.

The preamble to the Proposed Regulations states: "The Report [i.e., Publication 4832] recommended, in part, that tax return preparers be required to obtain and use a PTIN as the exclusive preparer identifying number and undergo a tax-compliance check. As discussed below, the proposed regulations implement those recommendations."

30.

On September 30, 2010, the IRS issued "Final Regulations, *Furnishing Identifying Number of Tax Return Preparer*," 75 Fed. Reg. 60309 [hereinafter "Final Regulations"], requiring individuals who prepare tax returns to acquire and potentially renew a PTIN. Separate regulations established user fees to be paid with respect to PTIN issuance and renewal.

31.

Under IRS's implementation of the Final Regulations, PTINs expire annually and must be renewed each year.

32.

As part of the initiative arising out of Publication 4832, the IRS also published proposed regulations amending the "Treasury Department Circular 230" rules governing representatives before the Internal Revenue Service to, for the first time ever, include tax return preparation in the list of regulated activities. "Notice of Proposed Rulemaking, *Regulations Governing Practice Before the Internal Revenue Service*," 75 Fed. Reg. 51713 (Aug. 23, 2010) [hereinafter "Proposed Circular 230 Regulations"]. The Proposed Circular 230 Regulations required that certain persons take a test, pass the test, acquire a PTIN and take certain continuing education courses in order to be permitted to prepare tax returns for compensation.

33.

The preamble to the Proposed Circular 230 Regulations states: "This document proposes amendments to Circular 230 based upon certain of the recommendations in the Report [i.e., Publication 4832]."

34.

On June 3, 2011, the above-described portions of the Proposed Circular 230 Regulations (i.e., testing, continuing education and PTINs) were issued as final regulations. "Final Regulations, *Regulations Governing Practice Before the Internal Revenue Service*" 76 Fed. Reg. 32286 (June 30, 2011) [hereinafter "Final Circular 230 Regulations"].

35.

Substantial portions of the Final Circular 230 Regulations, including the testing and continuing education requirements, were struck down as unlawful in *Loving v. Internal Revenue Service*, 917 F. Supp. 2d 67 (D.D.C. 2013), *aff'd* 742 F.3d 1014 (D.C. Cir. 2014). Among other things, *Loving* held that tax return preparation is not subject to regulation under 31 U.S.C. § 330 because preparing a tax return is not representing a person before Treasury.

36.

 Absent 31 U.S.C. 330, the only relevant statutory authority remaining under the various regulations cited above is 26 U.S.C. § 6109.

37.

26 U.S.C. 26 U.S.C. § 6109(a)(4) is the pertinent statutory authority relating to PTINs.

38.

In pertinent part, 26 U.S.C. § 6109(a)(4) provides: "Any return or claim for refund prepared by a tax return preparer shall bear such identifying number for

securing proper identification of such preparer, his employer, or both, as may be prescribed."

39.

Other than 26 U.S.C. § 6109(a)(4), the only other pertinent statutory authority with respect to PTINs issuance or form is 26 U.S.C. § 6109(c).

40.

26 U.S.C. § 6109(c) provides: "For purposes of this section, the Secretary is authorized to require such information as may be necessary to assign an identifying number to any person."

41.

A PTIN is meant to be a permanent identification number.

42.

Absent unusual circumstances, following issuance, a PTIN does not change.

43.

A PTIN starts with a P, and then is followed by eight numbers. A Social Security number is a nine-digit number.

44.

Following issuance, no action is necessary for the PTIN to retain its form (i.e., the letter P and eight numbers in the PTIN).

45.

The IRS could cease requiring PTIN renewal, but it has not done so.

46.

The legislative history of the amendment of 26 U.S.C. § 6109 by the Tax Reform Act of 1976 provides that requiring compensated return preparers to include their Social Security number on prepared returns would ". . . enable the IRS to identify all returns prepared by a specific individual in cases where the IRS has discovered some returns improperly prepared by that individual."

47.

26 CFR §301.6109-1(a)(ii) provides: "Uses.  Social Security numbers, IRS individual taxpayer identification numbers and IRS adoption taxpayer identification numbers are used to identify persons."

48.

For an individual with a Social Security number (SSN) or a Taxpayer Identification Number (TIN) and an address, the only information that is absolutely necessary to identify the person and issue a PTIN is his or her name, SSN or TIN, and address.

49.

Under 26 U.S.C. §6109(d), absent a Treasury regulation requiring a different identifying number, an individual's SSN is his identifying number for purposes of the requirements of 26 U.S.C. §6109, including the PTIN requirement of 26 U.S.C. §6109(a)(4).

50.

For Treasury identification purposes, a person's PTIN is based on his or her SSN. Each individual's SSN is unique (i.e., no two individuals in the federal tax

system have the same SSN or TIN). Absent very unusual circumstances, an individual's SSN does not change.

51.

The form used by the IRS to issue PTINs before the licensing regime was created in 2010 and 2011 was Form W-7P.

52.

PTINs became possible via a statutory change made in 1998.

53.

Form W-7P changed over the 1998-2010 years of applicability, but it did not ever require more information than name, SSN, date of birth, address, and phone number.

54.

The information received by the IRS on completed Form W-7P was sufficient to enable the IRS to issue a PTIN.

55.

In pertinent part, 26 U.S.C. § 6109(c) has not changed since 1998.

56.

The maximum information necessary for the IRS to issue a PTIN is name, Social Security number, address, date of birth and phone number and/or email address.

57.

Since 2010, IRS Form W-12 must be completed to acquire a PTIN and to renew a PTIN for each year after initial issuance.

58.

Since 2010, Form W-12 has periodically changed, with the last version created in October 2022. Licensing-type questions have been included on each version of Form W-12.

59.

The following questions are included in the October 2022 Form W-12: name and PTIN (if already issued), year of application or renewal, Social Security number, mailing address, birth date, personal mailing address and phone number, business mailing address and phone number, business identification, email address, past felony convictions with potential explanation, address of last income tax return filed, filing status and tax year for last individual income tax return filed, federal tax compliance status with potential explanation, data security acknowledgement, and professional credentials.

60.

The main income tax returns prepared by tax return preparers (i.e., 1040, 1041, 1065, 1120 and 1120S) and related simple forms require the tax return preparer to include the following information: Name, signature, date of signature, PTIN, self-employed status, firm name, firm address, phone number and firm EIN.

61.

The questions on the October 2022 Form W-12 beyond the questions asked on Form W-7P (noted above) are licensing–type questions, related to a licensing system that was struck down as unlawful by *Loving v. Internal Revenue Service*, 917 F. Supp. 2d 67 (D.D.C. 2013), *aff'd* 742 F.3d 1014 (D.C. Cir. 2014).

## ONGOING INJURIES TO PLAINTIFFS

62.

In order to annually renew their PTIN, Plaintiffs has been annually required to provide answers to invasive and unnecessary licensing-type questions on Form W-12. Since all Form W-12s issued since 2010 have included licensing-type questions, Plaintiffs believe absent action to stop the IRS from continuing to ask licensing-type questions, it will continue to ask such questions in the future, and they will be required to answer them to renew their PTIN.

63.

The pertinent statutory provision, 26 U.S.C. § 6109(a)(4), does not authorize the IRS or anyone to require Plaintiffs (or anyone) to renew their PTIN.

64.

Plaintiffs have not only been required to make annual filings and annually provide answers to invasive and unnecessary licensing-type questions, but they have been required to waste their personal time to do so. According to page 4 of the instructions to the October 2022 version of Form W-12, the time needed to

complete Form W-12 includes one hour of recordkeeping, nine minutes to learn about the law or the form, and four minutes to prepare and send the form.

## CASE LAW RELATING TO AGENCY POWERS

65.

*Loving v. Internal Revenue Service*, 917 F. Supp. 2d 67 (D.D.C. 2013), *aff'd* 742 F.3d 1014 (D.C. Cir. 2014) held that tax return preparation is not subject to regulation under 31 U.S.C. § 330 because preparing a tax return is not representing a person before Treasury.

66.

U.S. Supreme Court cases hold an agency must draw its powers from a statutory grant of authority from Congress. *City of Arlington v. FCC*, 569 U.S. 290 (2013); *FDA v. Brown & Williamson Tobacco*, 529 U.S. 120, 124 (2000).

## CAUSE OF ACTION – THE IRS'S *ULTRA VIRES* AND UNLAWFUL ACTS

67.

The pertinent PTIN statute, 26 U.S.C. § 6109, does not permit Treasury or the IRS (or anyone) to require Plaintiffs or anyone to renew a PTIN. Making Plaintiffs or anyone renew a PTIN is an *ultra vires* act.

68.

26 U.S.C. § 6109 does not allow the IRS or anyone to ask licensing-type questions (but rather only questions necessary to identify), so requiring tax return preparers to complete the current Form W-12 is unlawful as an *ultra vires* act.

69.

Past versions of Form W-12 have also included licensing-type questions, so absent something to cause cessation of licensing-type questions, Plaintiffs anticipate the IRS will continue asking of such questions on the PTIN renewal form. Lawfully, such questions must cease because asking them is an *ultra vires* act.

70.

Plaintiffs are entitled to declaratory and injunctive relief prohibiting Treasury and the IRS from requiring Plaintiffs to renew their PTIN or, alternatively, provide information beyond that necessary to identify them to renew their PTIN. Unless Treasury and the IRS are enjoined from continuing to ask such questions, Plaintiffs will continue to suffer ongoing injuries.

## REQUESTED RELIEF

WHEREFORE, the Plaintiffs pray for the following relief from the Court against the Defendant:

1.	A declaratory judgment by the Court that Treasury and the IRS lack statutory authority to require Plaintiffs to renew their PTIN.

2.	Should the Court not issue a declaratory judgment that Treasury and the IRS lack statutory authority to require Plaintiffs to renew their PTIN, a declaratory judgment by the Court that Treasury and the IRS lack statutory authority to require more information than name, SSN, date of birth, address and phone number and/or email address to renew a PTIN, and that all other information requests should cease (and not be asked by any agency on any other form, etc.).

3. A permanent injunction prohibiting Treasury and the IRS from requiring Plaintiffs to renew their PTIN.

4. Should the Court not issue a permanent injunction prohibiting Treasury and the IRS from requiring Plaintiffs to renew their PTIN, a permanent injunction prohibiting the Treasury Department, the IRS or any agency or department thereof from requiring Plaintiffs to divulge more information than name, SSN, date of birth, address and phone number and/or email address to renew a PTIN, and prohibiting the Treasury Department, the IRS or any agency from asking licensing questions on any form, etc. absent specific statutory authority to do so;

5. An award to Plaintiffs the costs of litigation, legal fees and other penalties allowed by law, including reasonable compensation to Plaintiffs for their time and effort, and reasonable compensation to counsel for Plaintiffs under the Equal Access to Justice Act or other federal law for undertaking the action; and

6. An award to Plaintiffs all further relief that it deems just and proper.

Respectfully submitted,

*/s/Allen Buckley*
Allen Buckley
DC Bar Number GA0042
Allen Buckley LLC
Suite 750, Building One
2727 Paces Ferry Road
Atlanta, GA 30339
(404) 610-1936
ab@allenbuckleylaw.com